UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 1:01CV141 |
| **DOUBLE JJ RESORT RANCH, INC.**, a corporation, **OUTDOORESOURCES, INC.,** a corporation, **AMERICAN APPALOOSAS, INC.**, a corporation, **DUKER-REILLEY, INC.**, d/b/a **ORBIS SERVICES, INC.,** a corporation, **ROBERT W. LIPSITZ**, an individual, and **JOAN R. LIPSITZ**, an individual, | ) ) ) ) ) ) ) ) ) | Hon. Robert Holmes Bell |
| Defendants. | ) | |

## CONSENT JUDGMENT

Plaintiff, **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, having filed her complaint and defendants, **DOUBLE JJ RESORT RANCH, INC.**, a corporation; **OUTDOORESOURCES, INC.,** a corporation; **AMERICAN APPALOOSAS, INC.**, a corporation; **DUKER-REILLEY, INC.**, d/b/a, **ORBIS SERVICES, INC.,** a corporation; **ROBERT W. LIPSITZ**, an individual; and **JOAN R. LIPSITZ**, an individual, (collectively "defendants") having appeared by counsel, having answered, and having been duly advised in the premises, agree to the entry of this judgment without contest;

**NOW**, therefore upon motion of attorneys for plaintiff and for cause shown it is hereby:

**ORDERED, ADJUDGED, AND DECREED** pursuant to section 17 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*)(hereinafter "the

Act"), that the defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be, are hereby, permanently enjoined and restrained from violating the provisions of the Act in any of the following manners.

**I**

Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, at a rate less than $5.15 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the Act). Defendants maintain their right to pay employees in accordance with the provisions of section 6(g) of the Act, as applicable.

**II**

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which he is employed or exemption from the overtime requirements of section 7(a) is established.

**III**

Defendants **DOUBLE JJ RESORT RANCH, INC**.; **OUTDOORESOURCES, INC.; AMERICAN APPALOOSAS, INC.; ROBERT W. LIPSITZ**; and **JOAN R.**

**LIPSITZ**, shall pay employees employed by American Appaloosas, Inc. or working in the recreation department or at the bar and grill located on the golf course ("Waterin' Hole") in accordance with sections 6 and 7 of the Act and not treated as exempt employees under section 13(a)(3) of the Act.

IV

Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516.

V

A. Defendant **DUKER-REILLEY, INC.**, **d/b/a, ORBIS SERVICES, INC.** shall not withhold payment of $ 26,000, which represents its agreed portion of the unpaid minimum wage, overtime compensation, and pre-judgment interest at the rate of one percent hereby found to be due for the period from January 1, 2000 through December 31, 2002, to the present and former employees named in Exhibit A, attached hereto and made a part hereof. Defendant **DUKER-REILLEY, INC.**, **d/b/a, ORBIS SERVICES, INC.** shall pay the aforesaid amount at the time it executes this judgment.

B. Defendants **DOUBLE JJ RESORT RANCH, INC.**; **OUTDOORESOURCES, INC.; AMERICAN APPALOOSAS, INC.**; **ROBERT W. LIPSITZ**; and **JOAN R. LIPSITZ**, shall not withhold payment of $ 273,000, which represents their agreed portion of the unpaid minimum wage and overtime compensation hereby found to be due for the period from March 6, 1999 through May 5, 2005, to the

present and former employees named in Exhibit A,[1] attached hereto and made a part hereof, in the amounts set forth therein, and shall further pay to plaintiff pre-judgment and post-judgment interest at the rate of one percent to the employees in the amounts set forth in Exhibit A.

C. Defendants **DOUBLE JJ RESORT RANCH, INC.**; **OUTDOORESOURCES, INC.; AMERICAN APPALOOSAS, INC.**; **ROBERT W. LIPSITZ;** and **JOAN R. LIPSITZ**, shall pay the aforesaid sum of $ 273,000 in unpaid compensation, along with the interest set forth on Exhibit A, in accordance with the installment payment plan hereinbelow. Defendants **DOUBLE JJ RESORT RANCH, INC.**; **OUTDOORESOURCES, INC.; AMERICAN APPALOOSAS, INC.; ROBERT W. LIPSITZ**; and **JOAN R. LIPSITZ**, shall submit to plaintiff the first installment on or before January 1, 2006, in the amount of $ 18,964.80 and shall pay the remaining installments on a quarterly basis thereafter in the amounts and on the dates set forth hereinbelow:

| **Payment Due** | **Total Amount Due** |
|---|---|
| 04/01/06 | $ 18,964.80 |
| 07/01/06 | $ 18,964.80 |
| 10/01/06 | $ 18,964.80 |
| 01/01/07 | $ 18,964.80 |
| 04/01/07 | $ 18,964.80 |
| 07/01/07 | $ 18,964.80 |
| 10/01/07 | $ 18,964.80 |
| 01/01/08 | $ 18,964.80 |
| 04/01/08 | $ 18,964.80 |
| 07/01/08 | $ 18,964.80 |
| 10/01/08 | $ 18,964.80 |
| 01/01/09 | $ 18,964.80 |
| 04/01/09 | $ 18,964.80 |
| 07/01/09 | $ 18,964.74 |

---

[1] Persons employed at the Thoroughbred Golf Course at the Double JJ Resort Ranch were not included in this lawsuit and are not included in these back wage findings, as the golf course was treated, during the course of this litigation, as an exempt establishment under section 13(a)(3) of the Act.

**D.** Should defendants fail to pay any of the aforesaid payments referred to hereinabove on or before the dates set forth therein, the entire amount of the balance of unpaid compensation remaining shall become due without further notice by plaintiff to defendants.

## VI

**A.** The provisions of paragraph V of this judgment shall be deemed satisfied by defendants delivering to plaintiff certified checks or cashier's checks made payable to the order of the "Wage and Hour Div., Labor," and equal to the gross amount of back wages and pre- and post-judgment interest due employees, as set forth in paragraph V. Defendants shall forward the installment payments to the U.S. Department of Labor—Midwest Region, P.O. Box 880906, Dallas, Texas 75388-0906.

**B.** Plaintiff shall distribute the proceeds of the installment payments referred to in paragraph V, less legal deductions for employees' share of social security and federal withholding taxes, to the persons named in Exhibit A hereof, or to their estates if that be necessary, and any money not so paid because of inability to locate the proper persons or because of their refusal to accept it, shall be deposited with the Clerk of the Court, who shall forthwith deposit such money with the Treasurer of the United States, pursuant to 28 U.S.C. § 2041. Defendants remain responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities. Plaintiff shall issue W-2 forms to employees paid under paragraph V.

**C.** Should defendants fail to comply with the payment provisions referred to in paragraph V hereinabove, plaintiff may petition the court to enforce the terms of this judgment. Further, in the event defendants fail to comply with said payment provisions,

defendants agree that plaintiff may file this consent judgment as a lien against any and all real property owned by defendants, **DOUBLE JJ RESORT RANCH, INC**.; **OUTDOORESOURCES, INC.; AMERICAN APPALOOSAS, INC.**; **ROBERT W. LIPSITZ**; and **JOAN R. LIPSITZ**, where the property is located and that the plaintiff may take any action necessary to perfect the lien under the laws of the State of Michigan. The latter lien provision shall not apply to defendant **DUKER-REILLEY, INC.**, **d/b/a, ORBIS SERVICES, INC.**

## VII

Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the defendants or to someone else for the defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the defendants under the provisions of this judgment or the Act.

## VIII

**FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bear their own fees and other expenses incurred by such party in connection with

any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended.

Dated ____August 9, 2005____, 2005.

/s/ Robert Holmes Bell
_____
**ROBERT HOLMES BELL**
U. S. DISTRICT COURT JUDGE

Defendants hereby consent to the
entry of this judgment this _8th_
day of _August_, 2005.

| | |
|---|---|
| **DOUBLE JJ RESORT RANCH, INC.**, **OUTDOORESOURCES, INC.**, **AMERICAN APPALOOSAS, INC.,** and **ROBERT W. LIPSITZ,** individually, | **HOWARD M. RADZELY** Solicitor of Labor |
| _s/ Robert W. Lipsitz (with permission) **ROBERT W. LIPSITZ**, as President and owner and as an individual | **JOAN E. GESTRIN** Regional Solicitor |
| _s/ Joan R. Lipsitz (with permission) **JOAN R. LIPSITZ**, individually | |
| **DUKER-REILLEY, INC.**, d/b/a **ORBIS SERVICES, INC.**, | |
| __s/ Amy Wentrack (with permission) **AMY WENTRACK** President | |
| _s/ Donald A. Van Suilichem_ **DONALD A. VAN SUILICHEM** Attorney for Defendants, Double JJ Resort Ranch, Inc., Outdooresources, Inc., | __s/ Linda J. Ringstad__ **LINDA J. RINGSTAD** Attorney for Plaintiff Attorneys for **ELAINE L. CHAO**, Secretary of Labor, United States |

| | |
|---|---|
| American-Appaloosas, Inc., Robert W. Lipsitz, and Joan R. Lipsitz | Department of Labor |
| Van Suilichem & Associates, P.C. 40900 Woodward Avenue Suite 105 Bloomfield Hills, Michigan 48304 Telephone No.: 248-644-2419 | Office of the Solicitor U.S. Department of Labor 230 S. Dearborn St., Room 844 Chicago, Illinois 60604 Telephone No.: 312-353-3668 |

_s/ James F. Hermon (with permission)_
**JAMES F. HERMON**
Attorney for Defendant Duker-Reilly, Inc.
d/b/a Orbis Services, Inc.

Dykema Gossett PLLC
400 Renaissance Center
Detroit, Michigan 48243
Telephone No.: 313-568-6540